IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>ONE LOT OF TEN THOUSAND FIVE HUNDRED SEVENTY SIX DOLLARS ($10,576) IN U.S. CURRENCY | C.A. No. CA 08 81 ML |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff the United States of America brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America one lot of ten thousand five hundred seventy six dollars ($10,576) in U.S. currency for violations of 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

**DEFENDANT IN REM**

2. The defendant property consists of one lot of ten thousand five hundred seventy six dollars ($10,576.00) in U.S. currency that was seized from the person of George Burns ("Burns") on September 16, 2007 at Bristol Police Department Headquarters in Bristol Rhode Island. Defendant property is presently in the custody of the United States Marshal Service in Providence, Rhode Island.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and 28 U.S.C. § 1395, because the property is located in this district.

**BASIS FOR FORFEITURE**

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (a) money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, (b) proceeds traceable to such an exchange, and/or (c) money used and intended to be used to facilitate a violation of the Controlled Substances Act. The defendant property is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), because it constitutes property involved in a transaction and an attempted transaction in violation of sections 1956, 1957, and/or 1960 of Title 18, United States Code, or property traceable to such property.

**FACTS**

7. As set forth in the attached and herein incorporated Declaration of Sergeant Steven P. Calenda ("Declaration"), on or about September 16, 2007, the defendant currency was seized by members of the Bristol Police Department from the person of Burns in the course of his arrest and following a high-speed vehicle chase of Burns by Bristol police officers and

following discovery of approximately one pound of marijuana in Burns's vehicle.

8. As set forth in the Declaration and incorporated herein, a trained narcotics detection canine alerted to the presence of narcotics emanating from the defendant currency.

Respectfully submitted,

UNITED STATE OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax
Email: milind.shah@usdoj.gov

Dated: March 4, 2008

**VERIFICATION**

I, Sergeant Steven P. Calenda, hereby verify and declare under penalty of perjury that I am a Sergeant with the Bristol Police Department, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the factual matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief is set forth in detail in my Declaration, which is attached to the Complaint.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Sgt. S. P. Calenda

Sergeant Steven P. Calenda

Dated: March 4, 2008